IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARIAN C. SCHULTZ,[1]

    Plaintiff,

vs.                                                    Case No. 3:06cv442-RS-MD

THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF WEST FLORIDA,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before me is Defendant The Board of Trustees of the University of West Florida's Motion for Partial Summary Judgment (Doc. 27).

### I. Background

Plaintiff Marian Schultz, an associate professor in the Department of Business Management at the University of West Florida, sues her employer, The Board of Trustees of the University of West Florida ("University"), for employment discrimination on the basis of sex (gender). Schultz contends that the University wrongfully denied her a promotion to the position of full professor, tenure, and paid her a lower salary than her male counterparts. Schultz brings suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"); Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"); the Florida Educational Equity Act, Chapter 1000, Florida Statutes ("FEEA"); and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA").

The University filed a Motion for Partial Summary Judgment on April 27, 2007 (Doc. 27). The motion requests dismissal of Counts III and IV of the Complaint which

---

[1] Plaintiff is advised that she has spelled her name "Marian" and "Marion" on different pleadings.

allege violations of Title IX and the FEEA. The University contends that dismissal of the Title IX claim is warranted because Title VII preempts Title IX; precludes Schultz from asserting a cumulative Title IX claim arising from the same discriminatory conduct that is alleged under Title VII; and provides the exclusive remedy in discrimination claims against federally funded educational programs. The University contends that dismissal of Schultz's FEEA claim is justified because the University, as an arm of the State of Florida, is immune from suit under the Eleventh Amendment. Schultz opposes the motion (Doc. 34).

## II.  Analysis

### A.  The Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). "An issue of fact is 'material' if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Tipton, 965 F.2d at 998 (citing Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251, 106 S. Ct. at 2512. The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual

inferences arising from it in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993); Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).  Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir.1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir.1985)).  However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 251, 106 S. Ct. at 2511).

If the movant satisfies its initial burden under Rule 56(c) by demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).  Otherwise stated, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  "The nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton, 965 F.2d at 998 (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255, 106 S. Ct. at 2513 (citing Adickes, 398 U.S. at 158-59, 90 S. Ct. at 1609).

### 1.  Count III - Title IX

The first issue is whether Plaintiff may properly assert a claim arising under Title IX[2] when the allegations which constitute the Title IX claim are identical to those giving

---

[2] Title IX provides, in pertinent part, that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

rise to a Title VII claim.[3]  Neither the United States Supreme Court nor the Eleventh Circuit have addressed the issue.  However, various district courts within the Eleventh Circuit and federal circuit courts of appeals have held that Title VII preempts Title IX and provides the exclusive remedy for employment discrimination claims against federally funded education programs.[4]  Those decisions are based on the Supreme Court's decisions in Great American Federal Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 378, 99 S. Ct. 2345, 60 L. Ed. 2d 957 (1979) and Brown v. General Servs. Admin., 425

---

[3]The allegations constituting the Title VII and Title IX claims are identical.  Both claims allege that the University has discriminated "against Schultz because of her sex in the terms, conditions and privileges of her employment" and that "Schultz is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief."

[4]  See Hankinson v. Thomas County Sch. Dist., 2005 U.S. Dist. LEXIS 25576, *6 (M.D. Ga. 2005) ("this Court agrees with those courts that hold Title VII preempts employment discrimination claims for money damages brought under Title IX"); Morris v. Wallace Cmty. College-Selma, 125 F. Supp. 2d 1315, 1343 (S.D. Ala. 2001) ("In light of the weight of authority that a Title IX claim of employment discrimination may not be maintained to the extent that Title VII provides a parallel remedy, and of the plaintiff's failure to provide any support for a contrary conclusion, the Court rules that the plaintiff's Title IX claim is precluded by Title VII"); Blalock v. Dale County Bd. of Educ., 84 F. Supp. 2d 1291, 1298 (M.D. Ala. 1999) ("We hold that Title VII provides the exclusive remedy for individuals alleging employment discrimination on the basis of sex in federally funded educational institutions"); Hazel v. School Bd. of Dade County, 7 F. Supp. 2d 1349, 1353-54 (S.D. Fla. 1998) ("this Court believes that the line of cases that hold that Title VII is the exclusive remedy for employment discrimination claims on the basis of sex in federally funded educational institutions are the better reasoned cases"); Gibson v. Hickman, 2 F. Supp. 2d 1481, 1484 (M.D. Ga. 1998) ("This court agrees with those courts finding that Title VII preempts employment discrimination claims for money damages brought under Title IX"); Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) ("Title IX does not afford a private right of action for employment discrimination on the basis of sex in federally funded educational institutions"); Lakoski v. James, 66 F.3d 751, 755 (5th Cir. 1995), cert. denied, 519 U.S. 947 (1996); Waid v. Merrill Area Public Schools, 91 F.3d 857, 862-63 (7th Cir. 1996) (holding Title VII preempted Title IX claims for which Title VII provided relief).  See also Vega v. State Univ. Bd. of Trustees, 2000 U.S. Dist. LEXIS 4749, 2000 WL 381430, *3 (S.D.N.Y. 2000); Cooper v. Gustavus Adolphus College, 957 F. Supp. 191, 193-94 (D. Minn. 1997); Glickstein v. Neshaminy, 1997 U.S. Dist. LEXIS 16317, 1997 WL 660636, *15-*16 (E.D. Pa. 1997).

U.S. 820, 835, 96 S. Ct. 1961, 48 L. Ed. 2d 402 (1976), where the Court held that (1) Title VII preempts claims brought under § 1985 and alleging violations of Title VII, and (2) Title VII provides the exclusive judicial remedy for federal employees' claims of employment discrimination.  The Novotny Court reasoned that "if a violation of Title VII could be asserted through § 1985(3), a complainant could avoid most if not all of [Title VII's] detailed and specific provisions of the law [and] . . . . could completely bypass the administration process, which plays such a crucial role in the scheme established by Congress and Title VII."  Novotny, 442 U.S. at 375-76.  The Brown Court noted that "in a variety of contexts the Court has held that a precisely drawn, detailed statute pre-empts more general remedies."  Brown, 425 U.S. at 834.

Plaintiff has cited no authority contrary to these decisions.  I therefore find, consistent with the weight of authority, that the "precisely drawn, detailed enforcement structure" and "comprehensive remedial scheme" that is Title VII preempts the more general remedy under Title IX in this case.  Accordingly, the claim asserted in Count III of the Complaint and arising under Title IX requires dismissal.  Because amending the claim is futile inasmuch as Plaintiff has asserted an identical Title VII claim, dismissal is with prejudice.

**2.  Count IV - FEEA**

The second issue is whether the claim asserted in Count IV and arising under the FEEA[5] requires dismissal.  The University contends that the claim may not be asserted against it because the University, as "an arm of the State of Florida," is immune from suit by a state citizen under the Eleventh Amendment.  Plaintiff disagrees.

An assertion of Eleventh Amendment immunity challenges a court's subject matter jurisdiction and must be resolved before the merits of the claim may be addressed.  Seaborn v. Dep't of Corrections, 143 F.3d 1405, 1407 (11th Cir. 1998) (citations omitted).  The Supreme Court has "consistently held that an unconsenting

---

[5]The FEEA prohibits discrimination in "employment conditions or practices" against an employee in the "state system of K-20 education" in "any public K-20 education program or activity . . . conducted by a public educational institution that receives or benefits from federal or state financial assistance."  Fla. Stat. § 1000.05(2)(a).

State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605, 612 (1993) (quoting Edelman v. Jordan, 415 U.S. 651, 662-63, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974)).

I find that sufficient authority exists to properly characterize the University as an agency or instrumentality of the State of Florida for Eleventh Amendment purposes.[6] Absent waiver, the University is therefore immune from suit under the FEEA. See Metcalf & Eddy, Inc., 506 U.S. at 144, 113 S. Ct. at 687-88, 121 L. Ed. 2d at 612 (Absent waiver, "neither a State nor agencies acting under its control may 'be subject to suit in federal court'") (citations omitted).

The crucial issue then is whether Florida has waived its sovereign immunity under the FEEA. That issue has not been discussed by either party. Plaintiff quotes dicta that "Florida litigants often couple the FEEA claim with a Title IX claim because both statutes share the purpose of prohibiting gender discrimination in public education." Jian-Jian Ren v. Univ. of Cent. Fla. Bd. of Trs., 390 F. Supp. 2d 1223, 1235 (M.D. Fla. 2005); Landow v. Sch. Bd. of Brevard County, 132 F. Supp. 2d 958, 961 (M.D. Fla. 2000) ("The parties have stipulated that 'for the purposes of this litigation, the legal analysis employed in Title IX cases is equally applicable to the Florida Educational Equity Act'"); Daniels v. School Bd. of Brevard County, 985 F. Supp. 1458, 1460 (M.D. Fla. 1997) (noting the similarities between Title IX and the FEEA). However, these decisions do not address the issue of whether Florida has waived its sovereign

---

[6] See Fla. Stat. § 1000.21(6) ("'State university,' except as otherwise specifically provided, includes the following institutions and branch campuses, centers, or other affiliates of the institution: (f) The University of West Florida"); Fla. Stat. §§ 768.28(2) & 1001.72(5) ("University boards of trustees shall be corporations primarily acting as instrumentalities or agencies of the state, pursuant to s. 768.28(2), for purposes of sovereign immunity"); Ass'n for Disabled Americans v. Florida Int'l Univ., 178 F. Supp. 2d 1291, 1295 (S.D. Fla. 2001), reversed and remanded on other grounds, 405 F.3d 954 (11th Cir. 2005) ("it is undisputed that [Florida International University] is considered an arm of the state for Eleventh Amendment purposes"); Harden v. Adams, 760 F.2d 1158, 1163-64 (11th Cir. 1985) (holding that the Eleventh Amendment barred suit against Troy State University because it was an "agency" or "instrumentality" of Alabama under Alabama law).

immunity under the FEEA.  That litigants "often couple an FEEA claim with a Title IX claim" speaks nothing about the propriety of doing so.  Nor does it answer whether a court may properly exercise jurisdiction over an FEEA claim where a Florida citizen is suing the State of Florida.  Further, the Landow and Daniels cases involve suits against a *county* school board.  Whether local and county school boards are agencies or instrumentalities of the state for purposes of sovereign immunity has not been addressed by the parties.  Accordingly, I find it appropriate that the parties be permitted to submit memoranda on whether Florida has waived its immunity under the Eleventh Amendment so as to permit Plaintiff to assert a claim arising under the FEEA against the State of Florida.

## CONCLUSION

Defendant's Motion for Partial Summary Judgment (Doc. 27) is **granted in part and deferred in part** as follows:

1.  Defendant's request for dismissal of the claim asserted in Count III of the Complaint and arising under Title IX is **granted**.  Count III is **dismissed with prejudice**.

2.  Defendant's request for dismissal of the claim asserted in Count IV of the Complaint and arising under the FEEA is **deferred**.  Not later than Tuesday, May 29, 2007, the parties shall submit memoranda addressing whether Florida has waived its sovereign immunity under the FEEA so as to permit Plaintiff to assert a claim arising under the FEEA against the State of Florida.  A party's failure to file a memorandum on that issue may be cause for granting or denying the relief requested in the motion under N.D. Fla. Loc. R. 7.1.


**ORDERED** on May 21, 2007.


/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**